# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,**<br><br>       Plaintiff,<br><br>v.<br><br>**JOSE E. SOLLOSO**<br>**d/b/a/ LA DULCE NOCHE,**<br><br>       Defendant. | Civil Action No. 17-2513 (TFH) |

## MEMORANDUM OPINION

  Pending before the Court is plaintiff J & J Sports Productions, Inc.'s motion for entry of default judgment against defendant Jose Solloso, doing business as La Dulce Noche [ECF No. 9]. Plaintiff, a distributer of sports programming, acquired the domestic commercial exhibition rights to broadcast a November 22, 2014 boxing match between Manny Pacquaio and Chris Algieri, and sublicensed the rights to establishments such as restaurants and bars. Plaintiff alleges that defendant violated 47 U.S.C. §§ 605 and 553 by engaging in the unauthorized interception and exhibition of the match.[1] Compl. ¶¶ 12-15; 22-23. Although plaintiff effected service on May 24, 2018, defendant has not responded to the complaint or otherwise appeared in this action. [ECF No. 6]. On June 27, 2018, the Clerk of the Court entered a default against defendant. [ECF No. 8]. Plaintiff moved for a default judgment on July 24, 2018.

---

[1] Because the defendant only seeks recovery under 47 U.S.C. § 605, the Court focuses on that section.

## **LEGAL STANDARD**

"A court has the authority to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics." *Boland v. Consol. Masonry Contractors, Inc.*, 10-cv-1240, 2010 WL 3851974, at *1 (D.D.C. Sept. 29, 2010). Default is warranted if the default is willful, as reflected by the defendant's failure to respond "either to the summons and complaint, the entry of default, or the motion for default judgment." *Gutierrez v. Berg Contracting Inc.*, 99-cv-3044, 2000 WL 331721, at *1 (D.D.C. Mar. 20, 2000). "Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint," but it "does not establish liability for the amount of damages claimed by the plaintiff." *Directv, Inc. v. Agee*, 405 F. Supp. 2d 6, 9 (D.D.C. 2005). The Court has "considerable latitude in determining the amount of damages." *Id.*

## **DISCUSSION**

### **Liability**

Plaintiff alleges that the defendant "unlawfully intercepted" and "received" their satellite signal and exhibited the boxing match, in violation of 47 U.S.C. § 605(a). Compl. ¶¶ 13-15; 20-23. Section 605(a) prohibits unauthorized individuals from "intercept[ing] any radio communication and divulge[ing] or publish[ing] the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a); *see also J & J Sports Prods., Inc. v. Brutti's LLC*, No. 14-cv-269, 2014 WL 7363823, at *6 (E.D. Va. Dec. 23, 2014) (noting that an event originating as a satellite signal constitutes a "radio communication" under the statute). Because the defendant has not appeared, and has not responded to the complaint, the entry of default or the motion for default judgment, and because

the allegations are well-plead, the Court shall grant default judgment as to the defendant's liability under 47 U.S.C. § 605(a).

## Damages

Plaintiff seeks $2,000 in statutory damages, which is the amount defendant would have been required to paid to obtain the rights to exhibit the fight. Mem. in Supp. of Mot. at 6; Ex. 3; *see* 47 U.S.C. § 605(e)(3)(C)(i)(II) ("the party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000"). The Court finds this method of calculating damages appropriate, and shall award the plaintiff $2,000 in damages. *See, e.g., J & J Sports Prods., Inc.*, 2014 WL 7363823, at *5 (awarding the cost of the sublicensing fee as damages).

Plaintiff also seeks enhanced damages between $6,000 to $12,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which provides that a court "in its discretion may increase the award of damages" where the court finds that a violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii); Mem. in Supp. of Mot. at 7. Plaintiff argues that there is "no dispute" that defendant broadcast the program willfully and for direct and indirect commercial advantage, noting that satellite signals do not "'descramble spontaneously.'" *Id.* at 7 (quoting *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999)). However, plaintiff admits that it has "no evidence" the defendant advertised the program to potential customers, charged an admission fee, or offered any food or beverage specials. Plaintiff's investigator only saw five individuals in the establishment during the twelfth round of the match. Ex. 2 at 2. Plaintiff also has "no evidence" that defendant has engaged "in repeated violations." Mem. in Supp. of Mot. at 7. As such, the Court shall deny plaintiff's request for enhanced

damages. *See J & J Sports Prods., Inc., v. Kiflu*, 18-cv-225, 2018 WL 6530579, at *3 (D.D.C. Dec. 12, 2018) (denying enhanced damages where plaintiff failed to "put forth any evidence that [defendant] engaged in repeat violations, advertised the broadcast, or charged an admission fee or premium.").

### Attorney's Fees

Section 605(e)(3)(B)(iii) provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff submitted a declaration in support of attorney's fees. Ex. 6. However, the declaration, which appears to be missing pages, does not fully describe the legal tasks completed, the accompanying rate, and the total amount sought, depriving the Court of the ability to determine reasonable fees.[2] The Court will allow plaintiff to submit additional materials in support of its request by January 4, 2019.

An appropriate order accompanies this opinion.

December 18, 2018

Thomas F. Hogan
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Based on the draft order submitted with the motion, it appears plaintiff seeks $3,372.50 in attorney's fees.